# New York Marine Court.

*Special Term—December,* 1882.

## SCHLESINGER *against* FOXWELL.

Parties and witnesses attending in good faith any legal tribunal are privileged from arrest in going to and returning therefrom.

The immunity from service of process without arrest is limited to witnesses, and does not include parties.*

McAdam, J.—Parties and witnesses attending in good faith any legal tribunal, with or without a writ of protection, are privileged from arrest on civil process, during their attendance and for a reasonable time in going and returning; and this immunity extends to all kinds of civil process, and affords an absolute protection (Larned *v.* Griffin, 12 *Fed. Rep.* 590; Mackay *v.* Lewis, 7 *Hun*, 83; 6 *Id.* 477). The defendant herein was a party to an action pending in the superior court, the case was upon the day calendar, it was not reached and had gone over until next day, at which time the defendant was required to attend. In the meantime he was arrested on the order of arrest granted herein.

---

* A motion afterwards made to set aside the service of the summons in the above case was denied upon the following grounds:

McAdam, J.—A non-resident witness attending our courts can neither be arrested nor served with process; his privilege protects him. A resident witness is privileged from arrest, but not from the service of ordinary process. The privilege of immunity from service of summons without arrest while in the State to attend court is limited to witnesses, and does not include parties; the privilege of the suitor in such cases, is from arrest only, and not from the service of civil process (Jenkins *v.* Smith, 57 *How. Pr.* 171). The rule as lain down above is the correct one (Matthews *v.* Tufts, 87 *N. Y.* 568).

Motion denied; $10 costs to abide event. Defendant may have six days' further time to answer.

The defendant, under the circumstances, was under the protection of the superior court, and was privileged from arrest. The fact that he did not assert this privilege exempts the officer who made the arrest from liability, but does not justify me in withholding from the defendant a right which he has now legally established. The rule which I have followed renders the administration of justice free and untrammeled, and protects from improper interference all who are concerned in it (Huddeson *v.* Page, 9 *Phila.* 65).

The service of the order at the time and under the circumstances stated was irregular, and must be set aside. Such irregularity affects only the service, however, and does not invalidate the order of arrest, which will be retained, to the end that it may be executed at a time and in a manner not inhibited by law. The case cited by the plaintiff (21 *Hun*, 154) is not in conflict with these views. No costs.